UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Case No.: 1:21-cv-04663

JORGE ALEJANDRO ROJAS,

        Plaintiff,

v.

PELICAN INVESTMENT HOLDINGS
GROUP, LLC. d/b/a AAP, AUTOGUARD
ADVANTAGE CORPORATION,
DIMENSION SERVICE CORPORATION,

        Defendants.

**DEFENDANTS, PELICAN INVESTMENT HOLDINGS GROUP, LLC, D/B/A AAP, AUTOGUARD ADVANTAGE CORPORATION AND DIMENSION SERVICE CORPORATION'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Pelican Investment Holdings Group, LLC d/b/a AAP ("AAP"), Autoguard Advantage Corporation ("Autoguard") and Dimension Service Corporation ("Dimension") (collectively "Defendants"), by and through undersigned counsel, hereby file this Motion to Dismiss Plaintiff's Complaint ("Complaint"). In support thereof Defendants state as follows:

**I.    INTRODUCTION.**

Plaintiff, Jorge Alejandro Rojas ("Plaintiff"), by and through mere conclusory allegations and unsupported facts, alleges that Defendants collectively violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and its implementing regulations, 47 C.F.R §64.1200, the Illinois Telephone Solicitations Act ("ILTSA"), 815 ILCS 413, and the Illinois Restricted Call Registry Act, 815 ILCS 402 ("ILRCRA") when Plaintiff allegedly received fifteen (15) unlawful

1

phone calls to his cellular telephone ending in 1582[1] ("Cell Phone"). *See* Complaint ¶¶ 28 and 34. The alleged phone calls are claimed to have occurred from March 19, 2020 until August 18, 2021 ("Subject Calls"). *See* Complaint ¶ 28. Plaintiff alleges nothing in regard to the identities of the alleged caller(s) or the substance of the first fourteen (14) Subject Calls ("First 14 Calls"). *See* Complaint generally. However, Plaintiff alleges that all of the Subject Calls were made using an automatic telephone dialing system ("ATDS") for non-emergency purposes to his Cell Phone. *See* Complaint ¶¶ 22 and 75. At all times relevant, Plaintiff claims his Cell Phone number was on the Federal Do Not Call Registry. *See* Complaint ¶¶ 16 and 77.

Plaintiff's unsupported conclusory statements are legally insufficient to form the basis of the claims against Defendants under the TCPA, ILRCRA and ILTSA. Accordingly, the Complaint must be dismissed for failure to state a claim for which relief may be granted in violation of Federal Rule of Civil Procedure 8(a)(2).

**II.     STATEMENT OF FACTS.**

1.     On August 31, 2021, Plaintiff initiated this lawsuit by filing the subject Complaint asserting claims arising under the TCPA, ILRCRA and ILTSA. *See* Complaint ¶¶ 81 – 99.

2.     AAP is a Florida limited liability company with its principal office in West Palm Beach, Florida.

3.     AAP is in the business of selling Vehicle Service Contracts ("VSCs") directly to consumers.

4.     AAP does not utilize an ATDS, nor has AAP authorized or permitted any other parties to utilize an ATDS on its behalf.

---

[1] Should the matter proceed beyond the pleading stage, it will ultimately be established that Plaintiff consented and opted-in to being contacted at the number ending in 1582, despite his representations to the contrary,

5. AAP does not utilize a predictive dialing system, nor has AAP authorized or permitted any other parties to utilize a predictive dialing system on its behalf.

6. AAP does not make robocalls, nor has AAP authorized or permitted any other parties to make robocalls on its behalf.

7. Autoguard is an Ohio corporation with its principal office in Dublin, Ohio.

8. Autoguard is a service provider for VSCs.

9. Dimension is an Ohio corporation with its principal office in Dublin, Ohio.

10. Dimension is as an administrator for VSCs.

11. Neither Autoguard or Dimension directly or indirectly initiate any outbound sales calls to consumers.

12. Neither Autoguard or Dimension utilize an ATDS, nor has either of them authorized or permitted any other parties to utilize an ATDS on either of their behalf.

13. Neither Autoguard or Dimension make robocalls, nor has either of them authorized or permitted any other parties to make robocalls on either of their behalf.

14. Neither Autoguard or Dimension utilize a predictive dialing system, nor has either of them authorized or permitted any other parties to utilize a predictive dialing system on either of their behalf.

15. Neither Autoguard or Dimension have ever directly or indirectly contacted Plaintiff on his Cell Phone.

16. Neither Autoguard or Dimension exert any oversight or control over the sales and marketing practices of AAP.

17. Neither Autoguard or Dimension were in any way involved with the Subject Calls.

**III.     MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id.* at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level…" *Id.* at 555 (internal citation omitted). Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the…law[] in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557)).

***Plaintiff fails to fails to plead facts supporting direct liability against AAP.*** Plaintiff alleges that, "Defendant AAP is directly liable as the party that caused the unlawful calls to be placed."

4

*See* Complaint ¶ 68. In support thereof, Plaintiff merely states, "[i]n total Defendants placed at least 15 calls to Plaintiff" and "[b]eginning around summer 2020 and continuing through at least on or about August 19, 2021, AAP, or an agent for Defendant, placed a series of solicitation calls to Plaintiff in order to sell Plaintiff an extended automobile warranty administered by Dimension." *See* Complaint ¶¶ 34 and 20. However, Plaintiff provides no details or factual support regarding the First 14 Calls beyond simply stating the dates and times of the alleged calls.[2] Furthermore, Plaintiff fails to provide any factual basis that the First 14 Calls were made by AAP, came at the direction of AAP or that AAP had anything to do with them. *See* Complaint generally. Realistically, the First 14 Calls could have come from anyone. Moreover, just because one alleged Subject Call may have originated with AAP, Plaintiff cannot make the illogical leap that every Subject Call he claims he received was tied to AAP. Overall, Plaintiff fails to provide any factual support as to the alleged origination of the "unwanted" First 14 Calls. This is the vast majority of Plaintiff's allegations against AAP. *See* Complaint generally. As such, it would be completely unreasonable to expect AAP to defend itself against such a painfully threadbare Complaint that is predicated on bald allegations and devoid of sufficient factual support.

***Plaintiff fails to plead facts supporting vicarious liability against Autoguard and Dimension.*** Plaintiff fails to plausibly plead that either Autoguard or Dimension are vicariously

---

[2] Additionally, Plaintiff's own allegations confirm that the first three (3) Subject Calls took place prior to July 6, 2020. As such, Plaintiff's claims pursuant to the first three (3) Subject Calls are constitutionally barred because prior to July 6, 2020, the Supreme Court of the United States held that the TCPA, as written, was an unconstitutional, content-based suppression on free speech. *See Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020); *Creasy v. Charter Communs., Inc.*, No. 20-1199 SECTION "F", 2020 U.S. Dist. LEXIS 177798 (E.D. La. Sept. 28, 2020); *Lindenbaum v. Realgy,* Case No. 1:19-cv-2862 (N.D. Oh. 2020); and *Shabana Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc., et al.,* 5:20-cv-00038 (Md. Fla. December 11, 2020). Accordingly, claims for TCPA violations prior to July 6, 2020 are barred as a matter of law because the violation of an unconstitutional law is not a justiciable question.

liable for any the Subject Calls. *See* Complaint generally. Plaintiff simply makes broad generalized assertions that Autoguard and Dimension were somehow involved in making the Subject Calls without any factual support thereof. *See* Complaint ¶¶ 57, 64, 65 and 69. More importantly, the Complaint (1) fails to sufficiently allege any substantial control or direction that either Autoguard or Dimension had over the Subject Calls or the unidentified caller(s); (2) fails to sufficiently allege that either Autoguard or Dimension ratified the alleged conduct of the unidentified caller(s); (3) fails to sufficiently allege that either Autoguard or Dimension made any representations that the unidentified caller(s) acted with authority; and (4) fails to sufficiently inform Autoguard and Dimension what purported actions they are alleged to have taken or had in violation of the TCPA. *See* Complaint generally.

Even under a liberal reading, the Complaint cannot survive the Court's most basic scrutiny pursuant to the standards enunciated in *Twombly* and *Iqbal*. Federal courts routinely dismiss TCPA claims premised on vicarious liability at the pleadings stage where, as here, there is a failure to allege sufficient facts establishing control. *See Naiman,* No. 19-cv-00256-JSC, 2019 WL 1790471, at *4 (N.D. Ca. Apr. 24, 2019) (finding allegation that "[d]efendant was acting as an agent . . . within the scope of said agency and/or employment with the full knowledge and consent of each of the other [d]efendants" to be wholly conclusory and insufficient to plead vicarious liability); *Satterfeal v. LoanCare, LLC*, 2019 WL 5777379, at *6 (M.D. La. Nov. 5, 2019) (granting motion to dismiss alleged principal entity where plaintiff "does not allege that [the principal entity] controlled or directed [the second entity]'s actions"); *Cunningham v. Univ. of N.M. Bd. of Regents*, 531 F. App'x 909, 920 n.13 (10th Cir. 2013) (affirming dismissal of non-TCPA federal claim based on agency principles of vicarious liability where plaintiff did not show the defendant "exerted control" over alleged agent); *Thomas v. Taco Bell Corp.,* 582 F. App'x. 678, 679 (9th

6

Cir. 2014) (finding no vicarious liability where plaintiff failed to show "that Taco Bell controlled or had the right to control [the alleged agent] and, more specifically, the manner and means of the text message campaign they conducted").

As such, the Complaint must be dismissed against Autoguard and Dimension because it is devoid of facts showing that either of them had any control over AAG, any other named defendant, any third-party agent, or the unidentified caller(s). *See Lifestyles Dev., LLC*, 2019 WL 4282039, at \*5 (finding no vicarious liability where "Plaintiff's complaint is completely devoid of any facts showing that RCI [defendant] had control over any other defendant, agent, or caller"); *Franklin v. Upland Software, Inc.*, No. 1-18-CV-00236-LY, 2019 WL 433650, at \*2 (W.D. Tex. Feb. 1, 2019) ("To the extent that Franklin [plaintiff] relies on a theory of vicarious liability, he does not succeed in his motion. Here. . . the plaintiff has not put forward any evidence to show that Upland [defendant] has been an agent of the entity that sent the text messages, or vice-versa, and the Court couldn't find anything in the record that even remotely suggested it"), report and recommendation adopted, No. 1:18-CV-236-LY, 2019 WL 2745748 (W.D. Tex. Mar. 12, 2019); *TBI Unlimited, LLC v. Clearcut Lawn Decisions, LLC,* No. 12-3355 (RBK/JS), 2013 WL 1223643, at \*4 (D.N.J. Mar. 25, 2013) ("A plaintiff may not simply assert in conclusory terms that a party is another party's agent for purposes of vicarious liability.") As such, Plaintiff's vicarious liability claims should be dismissed as they are insufficiently pled and cannot serve as a basis to assert vicarious liability against Autoguard and Dimension.

***The Complaint is an improper "shotgun pleading" and cannot be allowed to remain pending.*** "'Shotgun pleading' refers to a pleading style in which each count of the complaint incorporates by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged are not material to the claim, or cause of action, appearing in the

7

heading of a count; in certain circumstances, the shotgun style of pleading can prevent the opposing party from reasonably being able to prepare a response or simply make the burden of doing so more difficult." *United States Sec. & Exch. Comm'n v. Winemaster,* No. 19-CV-04843, 2021 WL 1172773 (N.D. Ill. Mar. 29, 2021), *see also Chriswell v. O'Brien*, 570 F. App'x 617 (7th Cir. 2014).

Plaintiff states at the beginning of each Count, "Plaintiff incorporates the foregoing paragraphs as through [*sic*] the same were set forth at length herein." *See* Complaint ¶¶ 81, 85, 89 and 94. As such, the Complaint is an improper shotgun complaint and must be dismissed as a matter of law. "Courts have discouraged this type of 'shotgun' pleading where each count incorporate[s] by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged are not material to the claim, or cause of action, appearing in a count's heading. Such pleadings make it virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990, 1001 (N.D. Ill. 2011) (citation and internal quotation marks omitted).

Accordingly, the Complaint fails to set forth the ultimate facts with sufficient clarity to allow Defendants to fully understand the specific actions against them, to provide intelligent answers and to formulate proper defenses. Moreover, Plaintiff's unsupported conclusory statements contained in the Complaint are legally insufficient to form the basis of his claims under the TCPA, the ILRCRA and the ILTSA. Therefore, the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Defendants, Pelican Investment Holdings Group, LLC d/b/a AAP, Autoguard Advantage Corporation and Dimension Service Corporation, respectfully move this Court to enter an Order dismissing Plaintiff, Jorge Alejandro Rojas', Complaint for failure to state

a claim for which relief may be granted, failure to satisfy minimum pleading requirements and awarding such further relief as this Court finds proper and just.

Dated: November 1, 2021  Respectfully Submitted,

By: /s/ *Jason S. Weiss*
Jason S. Weiss
Weiss Law Group, P.A.
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
Phone: 954.573.2800
Fax: 954.573.2798
Email: jason@jswlawyer.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of November, 2021, the foregoing Defendants, Pelican Investment Holdings Group, LLC d/b/a AAP, Autoguard Advantage Corporation and Dimension Service Corporation's, Motion to Dismiss Plaintiff, Jorge Alejandro Rojas', Complaint was filed through the Court's electronic filing system and will be sent electronically to all of the parties.

By: /s/ *Jason S. Weiss*
Jason S. Weiss